# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKEY NELSON SWIFT,**
                **Plaintiff,**

      **v.**                              **Case No. 06-C-1182**

**CITY OF MILWAUKEE,**
**CITY OF MILWAUKEE POLICE DEPARTMENT,**
**DETECTIVE CARLO DAVILA,**
**SGT. YOUNG, SGT. OLIVA,**
**P.O. LOECHLER, P.O. SPENCE,**
**P.O. RUDSTROM, P.O. ARENAS,**
**P.O. WOOTEN, P.O. JEKANOSKI,**
**P.O. LUTZE, P.O. SMITH,**
**LT. THOMPSON, DETECTIVE DAN THOMPSON,**
**DETECTIVE KEN SMITH, MCSD SGT. CARROLL MASCAR,**
**WAPD CPL. DAN DITTORICE, S.A. RAY TAYLOR AND**
**S.A. LAUREN COMMON,**
                **Defendants.**

---

## DECISION AND ORDER

Plaintiff, Rickey Nelson Swift, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). This matter comes before me on plaintiff's petition to proceed in forma pauperis and motion to amend the complaint. Both applications will be addressed herein.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing

transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $84.48. Thus, plaintiff will be permitted to proceed in forma pauperis. The balance of the filing fee will be collected as set forth below.

## II. MOTION TO AMEND

Plaintiff filed a motion to amend the complaint on February 8, 2007. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

In the present case, there is no indication that plaintiff is guilty of acting in bad faith or with a dilatory motive. Moreover, a motion to amend the complaint filed prior to service

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Case 2:06-cv-01182-LA   Filed 05/29/07   Page 2 of 9   Document 8

should be granted as a matter of course.  See Marshall v. Knight, 445 F.3d 965 (7th Cir. 2006).

On the other hand, a plaintiff will not be allowed to amend his complaint if such amendments would be futile.  Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993).  For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint.  Id.  Therefore, the amended complaint must next be screened pursuant to 28 U.S.C. § 1915A(a).

**A.  Screening**

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."  Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

3

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The decision of the United States Supreme Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), authorizes the filing of constitutional tort suits against in much the same way that § 1983 authorizes such suits against state officers. Thus, to state a claim for relief against a federal defendant under Bivens, a plaintiff must allege: (1) he was deprived of a right secured by the Constitutional or the laws of the United States; and (2) the deprivation was visited upon him by a person acting under color of federal law. See Gomez, 446 U.S. at 640 (emphasis added). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the

4

grounds upon which it rests." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002) (quoting <u>Conley</u>, 355 U.S. at 47); <u>see also</u> <u>Thomson v. Washington</u>, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." <u>Thomson</u>, 362 F.3d at 970.

**B.  Background**

On September 7, 2005, plaintiff alleges that he and his wife and kids were ambushed at gun point and forced to lay down and not say a word. (Amended Complaint at 1). Additionally, plaintiff and his family were held hostage at his home and subjected to an illegal search. <u>Id.</u> at 2. Plaintiff avers that the search was unconstitutional because he never broke a law. <u>Id.</u>

The police indicated that plaintiff was searched pursuant to a warrant. <u>Id.</u> However, the warrant did not bear plaintiff's name. <u>Id.</u> Although it is unclear what criminal activity was uncovered during the search, plaintiff was ultimately arrested. <u>Id.</u> at 4.

Plaintiff charges defendants with violating his rights under the Fourth, Eighth and Ninth Amendments. <u>Id.</u> at 4-5. For relief, plaintiff demands monetary damages. <u>Id.</u> at 4.

**C.  Analysis**

The caption names the City of Milwaukee, the City of Milwaukee Police Department, Detective Carlo Davila, Sergeant Young, Sergeant Oliva, P.O. Loechler, P.O. Spence, P.O. Rudstrom, P.O. Arenas, P.O. Wooten, P.O. Jekanoski, P.O. Lutzc, P.O. Smith, Lieutenant Thompson, Detective Dan Thompson, Detective Ken Smith, MCSD Sergeant Carroll

Mascar, WAPD Cpl. Dan Dittorice, SA Ray Taylor and SA Lauren Common as defendants. It is well established that section 1983 does not create a claim based on collective or vicarious responsibility. Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir. 1992). Thus, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986).

In the present case, no defendants are mentioned in the body of the amended complaint. Plaintiff's failure to assert a specific act of wrongdoing by any defendant does not suffice to meet the personal involvement requirement necessary for § 1983 liability. Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Therefore, the proposed amended complaint fails to state a claim under § 1983 and Bivens. Thus, plaintiff's motion to amend the complaint will be denied as futile. See Moore, 999 F.2d at 1128.

Plaintiff may file a second amended complaint within 30 days of the date of service of this order if he can cure the defects in the complaint by identifying the relevant defendants for each allegation of wrongdoing. Plaintiff is hereby advised that he has until **June 28, 2007**, in which to file an amended complaint. If plaintiff fails to file his amended complaint on or before **June 28, 2007,** this action maybe dismissed pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b), copies of which are enclosed.

6

Plaintiff is also advised that the second amended complaint supercedes the prior complaints, and the second amended complaint must be complete in itself without reference to the prior complaints. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Accordingly, any matters not set forth in the second amended complaint are, in effect, withdrawn. Id. Once filed, the second amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

### III. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Doc. # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Doc. # 7) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall filed an amended complaint on or before **June 4, 2007.** Failure to file an amended complaint by **June 4, 2007**, may result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $265.52 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

7

Dated at Milwaukee, Wisconsin, this 27 day of May, 2007.

/s
LYNN ADELMAN
District Judge

8

**Civil L.R. 41.3 (E.D. Wis.)**

**Dismissal for Lack of Diligence.**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)**

**Involuntary Dismissal:  Effect Thereof.**

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

9