**RICKEY NELSON SWIFT,**
      **Plaintiff,**

    v.                                                      Case No. 06-C-1182

**CARLO DAVILA, SGT. YOUNG, SGT. OLIVA,
PO LOECHLER, PO SPENCE, PO RUDSTROM,
PO ARENAS, PO WOOTEN, PO JEKANOSKI,
PO LUTZE, PO SMITH, LT. THOMPSON,
DAN THOMPSON, KEN SMITH, CAROLL MASCAR,
DAN DITTORICE, RAY TAYLOR, and MICHAEL P. TERRELL,**
      **Defendants.**

## ORDER

Plaintiff, who is incarcerated at the Dodge Correctional Institution, filed this pro se civil rights action and was granted leave to proceed in forma pauperis. He is proceeding on claims under the United States Constitution and Wisconsin state law based on allegations regarding defendants' search of his home on September 7, 2005. Defendant Raymond Taylor has filed a motion for summary judgment which will be addressed herein.[1]

### I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty</u>

---

[1] The remaining defendants are represented by separate counsel and have until January 21, 2009 to file a dispositive motion.

Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). For a fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id. For a dispute over a fact to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249-50.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248. In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. FACTS

The second amended complaint alleges:

> On September 7, 2005, plaintiff and his daughter were in the kitchen talking when they heard loud knocking coming from the front and side doors. Subsequently, the front and side doors were broken in at gunpoint by defendants Young, Oliva, Loechler, Spence, Rudstrom, Arenas, Wooten, Jekanoski, Lutze, and Smith, who were in full riot gear.
>
> Plaintiff and his wife and daughters were then made to lie down at gun point. A few officers stayed with plaintiff and his family while others went room to room tearing up the house. The officers made holes in the walls, broke a door and tore up flooring.

2

> At some point, the containment and search team, comprised of defendants Davila, Smith, Mascar, Dittorice, Taylor, Common, Terrell, Lt. Thompson, and Det. Thompson, entered the house. Two officers guarded plaintiff and his family while the remaining officers searched the home.
>
> About two hours into the search, defendant Davila explained to plaintiff that he had a "no-knock" search warrant. (Compl. at 3.) Defendant Davila read plaintiff and his family their rights. Defendant Davila then asked whether there were any drugs in the house. Plaintiff refused to respond. However, plaintiff's wife asked to speak with defendant Davila in another room. Thereafter, one of the officers in the house loudly shouted that he had found drugs. Plaintiff was then arrested.

(Court's Order of November 9, 2007, at 4-5.) Based on these allegations, plaintiff was granted leave to proceed on Fourth Amendment destruction of property and excessive force claims and negligent infliction of emotional distress claims.

According to Defendant Taylor's affidavit in support of his motion for summary judgment, he is a special agent for the State of Wisconsin Department of Justice. In that capacity, Taylor is responsible for investigations relating to violations of state and federal statutes, particularly narcotics violations. On Wednesday, September 7, 2005, at approximately 6:45 p.m., a narcotics search warrant was executed at plaintiff's residence in Milwaukee, Wisconsin. Taylor, who was a member of the "Containment Team" during the search, participated in securing the exterior of the residence. He also conducted prisoner security while the agents and officers searched the home. He was not a member of the "Tactical Enforcement Unit," which conducted the entry into and search of the home. Once Taylor received notice that he was no longer needed, he left the residence with Special Agent Loren Common.[2] Taylor avers that he did not conduct a search of the premises,

---

[2] Special Agent Loren Common is a former defendant in this case who was dismissed at plaintiff's request on April 24, 2008.

3

damage the home or any of the property contained therein, nor did he make plaintiff or anyone else lie down at gun point.

According to plaintiff, defendant Taylor searched and helped tear up the house, entered the house with his gun in his hand, and did not leave until plaintiff was placed under arrest. (Affidavit of Plaintiff ¶¶ 3-5.) Plaintiff further avers that defendant Taylor's actions caused plaintiff, his wife, and his kids to suffer anguish and irreparable harm. (Pl. Aff. ¶ 6.)

Plaintiff did not file a notice of claim upon the Attorney General pursuant to Wis. Stat. § 893.82 with regard to the present action.

### III. ANALYSIS

Defendant Taylor contends that since he had no personal involvement with respect to plaintiff's claims, he cannot be liable under 42 U.S.C. § 1983. He also contends that since plaintiff did not file a notice of claim, he may not proceed on his state claims. Plaintiff filed an affidavit in response to defendants' motion but he did not file a brief.

**A. Personal Involvement**

Section 1983 does not create a claim based on collective or vicarious responsibility. See Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir. 1992). An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation, b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. Rascon,

4

803 F.2d at 274; Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

It is undisputed that defendant Taylor participated in the execution of the search warrant at plaintiff's home on September 7, 2005. It is also undisputed that as a member of the Containment Team, Taylor participated in securing the exterior of the residence. However, Taylor avers that he did not conduct a search of the premises and that he was not responsible for the damage to the home or any of the property contained therein. (Taylor Aff. ¶ 7.) Plaintiff, on the other hand, avers that Taylor searched and helped tear up the house. (Pl. Aff. ¶ 3.)

Defendant Taylor contends that plaintiff's affidavit fails to dispute Taylor's averments because it fails to explain how plaintiff could have personal knowledge that Taylor "did search and help tear up the house" when plaintiff alleges on page 3 of the Second Amended Complaint that, during the search by Taylor and other defendants, plaintiff was kept "in the living room" while the defendants conducting the search "went room to room and outside the plaintiff's home searching . . . about (2) hours. . . ." (Reply at 3.)

An affidavit is evidence for the purposes of summary judgment. See Lax v. City of South Bend, 449 F.3d 773, 774 (7th Cir. 2006). However, given plaintiff's complaint allegations regarding his whereabouts during the search, he likely would not have been in a position to know which officers were searching his residence and which went outside. Moreover, plaintiff does not include in his affidavit the basis for his conclusion that Taylor was part of the search or responsible for the damage caused during it. Further, the assertions in Taylor's affidavit are entirely consistent with the allegations in plaintiff's complaint–that some officers stayed with plaintiff and his family in the living room, while

5

other officers searched either the home or outside the home–and plaintiff has provided nothing, apart from general, conclusory statements, that suggests that Taylor's statements as to his role in the events in question are false. Plaintiff has put forth no evidence, facts or details in support of his assertion that Taylor helped tear up his home and contradicting Taylor's assertions that he was not one of the officers who conducted the search. As such, plaintiff's general and conclusory assertion that defendant Taylor searched and helped tear up the house does not create a triable issue of fact sufficient to defeat Taylor's motion for summary judgment. See Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) ("It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact"); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1210-11 (7th Cir. 1993); Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1295 (7th Cir. 1993). Summary judgment is the "put up or shut up" moment in a case, when a party must show what evidence it has to prove its case to the trier of fact. Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005). On the very thin record put forth by plaintiff in the present case, a trier of fact could not reasonably conclude that defendant Taylor was personally involved in plaintiff's Fourth Amendment claims. See Bank Leumi Le-Israel, B.M., 928 F.2d at 236.

**B. Notice of Claim**

Defendant Taylor also contends that plaintiff may not proceed on his state law claims against him because he failed to file appropriate notices of claim under state law. Wisconsin Statute § 893.82(3) provides:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's,

employee's or agent's duties, ... unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

It is undisputed that plaintiff has not filed a Notice of Claim with the attorney general in accordance with Wis. Stat. § 893.82 regarding his state law claims. "Where the plaintiff has failed to comply with this notice of claim statute, the court lacks jurisdiction to hear the claim." Williams v. Nelson, 398 F. Supp. 2d 977, 992 (W.D. Wis. 2005) (quoting Saldivar v. Cadena, 622 F. Supp. 949, 959 (W.D. Wis. 1985)).

**IT IS THEREFORE ORDERED** that defendant Taylor's motion for summary judgment (Docket #63) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Raymond Taylor is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 15 day of January, 2009.

/s<br>
LYNN ADELMAN<br>
District Judge

7

Case 2:06-cv-01182-LA   Filed 01/15/09   Page 7 of 7   Document 79