# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY NELSON SWIFT,**
        Plaintiff,

     v.                                     Case No. 06C1182

**DETECTIVE CARLO DAVILA,
SGT. YOUNG, SGT. OLIVA,
P.O. LOECHLER, P.O. SPENCE,
P.O. RUDSTROM, P.O. ARENAS,
P.O. WOOTEN, P.O. JEKANOSKI,
P.O. LUTZE, P.O. SMITH,
LT. THOMPSON, DETECTIVE DAN THOMPSON,
DETECTIVE KEN SMITH, MCSD SGT. CARROLL MASCAR,
WAPD CPL. DAN DITTORICE, and P.O. MICHAEL P. TERRELL,**
        Defendants.

## DECISION AND ORDER

Plaintiff Rickey Nelson Swift, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983. He seeks to recover damages for alleged violations of the Fourth Amendment. He claims that defendants unreasonably damaged his property and used excessive force during the execution of a search warrant. He also brings a supplemental state law claim for negligent infliction of emotional distress. Defendants are the law enforcement officers who executed the search warrant. Before me now are defendants' motions for summary judgment (docket numbers 80, 85 and 96). Also before me are plaintiff's motions to amend the briefing schedule (docket number 99) and for leave to file an additional brief in opposition (docket number 116).

## I. STANDARD OF REVIEW

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. BACKGROUND

On September 7, 2005 Milwaukee police officers executed a no-knock search warrant issued by Milwaukee County Court Commissioner Barry Slagle. The officers knew that the residence to be searched had a fortified door and reasonably believed that firearms would be located inside. The officers used a battering ram to gain entry, knocking down the front and side doors. Several officers held M-4 firearms in low-ready position and wore tactical vests. The officers ordered plaintiff and family members to lie down at gunpoint while they searched the home.

2

## III. ANALYSIS

**A.     Pro se Warnings**

In pro se litigation, when the opposing party files a motion for summary judgment that motion must include a short and plain statement that any factual assertion in the movant's affidavits and documentary evidence will be accepted as true unless the pro se litigant submits his own affidavits or other documentary evidence contradicting the factual assertions. E.D. Wis. Civil L.R. 56.1 (a) (1) (2008). Additionally, the texts to Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2 and Civil L.R. 7.1 must be part of the motion. E.D. Wis. Civil L.R. 56.1 (a)(2) (2008).

Plaintiff complains that defendants failed to properly notice him of Civil L.R. 56.2. This is incorrect. All three of the motions quoted the text of Civil L.R. 56.2. The previous motion (Docket # 63) filed before the court had the text attached to the motion. Even if attaching the texts to the motion rather than including the texts in the motion can be said to violate Civil L.R. 56.1 (a)(2), where no prejudice has occurred the failure to give proper warnings may be excused.  See Johnson v. City of Milwaukee, 2006 U.S. Dist. LEXIS 62441, 3-4 (E.D. Wis. Aug. 31, 2006) (citing Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994). Defendants notified plaintiff of the rules and sent him the texts of each. Further, plaintiff establishes no prejudice.

**B.     § 1983 claim**

A claim for property damage during the execution of a warrant is evaluated under the Fourth Amendment's reasonableness requirement. United States v. Ramirez, 523 U.S. 65, 71 (1998); Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003).  However, plaintiff

3

presents no evidence suggesting that the defendants did anything unreasonable. Officers executing search warrants must sometimes damage property. Dalia v. United States, 441 U.S. 238, 258 (1979). It is not unreasonable to break in a reinforced door or damage walls while executing a search warrant for narcotics. Narcotics can be and often are hidden in small or dangerous places, and thus any thorough search necessarily creates the risk of damage.

Plaintiff also fails to show that defendants used excessive force. In determining whether defendants acted reasonably under the Fourth Amendment, the question is whether their actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Graham v. Connor, 490 U.S. 386, 397 (1989). Plaintiff does not allege that defendants injured him or his family. Rather, he claims that they should not have required him or his family to lie down on the floor at gunpoint. However, defendants reasonably believed that these steps were necessary to protect themselves and the occupants of the home. As discussed, the officers reasonably believed that dangerous drug offenders with access to firearms might well be on the premises. Under such circumstances, it is a reasonable use of force to secure the area through the use of weapons, and to place those inside on the floor and handcuff them. See Michigan v. Summers, 452 U.S. 692, 701-03 (1981).

Thus plaintiff fails to present evidence from which a reasonable finder of fact could conclude either that defendants unreasonably damaged his property or used excessive force.

## C. Negligent Infliction of Emotional Distress Claim

A district court may decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed. 28 U.S.C.A. § 1367 (c)(3). Because I dismiss the § 1983 claim, I no longer have original jurisdiction over any claim. I decline to exercise supplemental jurisdiction over plaintiff's state tort claim and accordingly I will dismiss it.

Therefore,

**IT IS ORDERED** that defendants' motions for summary judgment (docket numbers 80, 85, 96) are **GRANTED,** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motions (docket numbers 99 and 116) are **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 18 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge